Jess G. Webster (AK #8410088)
Mikkelborg, Broz, Wells & Fryer, PLLC
1001 Fourth Avenue, Suite 3600
Seattle, Washington 98154
P: 206-623-5890
F: 206-623-0965
E: jgwebster@mikkelborg.com
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| CONTINENTAL INSURANCE COMPANY a, corporation; STARR INDEMNITY & LIABILITY COMPANY, a corporation; SUNDERLAND MARINE MUTUAL INS. CO., a corporation; Underwriters at LLOYD'S SYNDICATE WTK457, a marine insurance syndicate organized in London, U.K.; THE NORTHERN ASSURANCE CO. OF AMERICA, a corporation,<br>                              Plaintiffs,<br>vs.<br>OLSON MARINE, INC., an Alaska corporation,<br>                              Defendant. | IN ADMIRALTY<br><br>**No.**<br><br><br><br><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

COME NOW the plaintiffs, CONTINENTAL INSURANCE COMPANY; STARR INDEMNITY & LIABILITY COMPANY; SUNDERLAND MARINE MUTUAL INS. CO., LLOYD'S SYNDICATE WTK457; THE NORTHERN ASSURANCE CO. OF AMERICA, and allege as follows:

**COMPLAINT FOR DECLARATORY JUDGMENT – 1**
Case No.:

MIKKELBORG
BROZ | WELLS | FRYER PLLC
ATTORNEYS AT LAW
1001 FOURTH AVENUE SUITE 3600 SEATTLE
WASHINGTON 98154 TEL 206 623 5890

Case 3:11-cv-00191-RRB   Document 1   Filed 09/29/11   Page 1 of 5

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal rules of Civil Procedure and this court has jurisdiction pursuant to Title 28 U.S. Code, § 1333.

2. Plaintiffs are engaged in the business of marine insurance.

3. Defendant OLSON MARINE, INC. is an Alaska Corporation engaged in the tug and barge business with offices at 5569 N. Tongass Hwy., Ketchikan, Alaska.

4. On or about December 8, 2010, Plaintiffs, for a good and valuable consideration issued a policy of marine insurance, No. FIS-10-052, affording Hull and Machinery Coverage in the amount of $316,371, and subject to a deductible of $15,000, on the Barge ALDER owned by Defendant and naming Defendant as assured. The policy covered risks at and from October 20, 2010 until October 20, 2011. A copy of the policy is attached hereto as **Exhibit A**.

5. On or about January 4, 2011 Defendant contracted with Alaska Ship and Drydock ("Alaska Ship") for installation of a ramp on the ALDER to facilitate handling of cargo to and from the shore. Defendant and Alaska Ship agreed that Defendant would take full responsibility for any deficiencies in the ramp as designed and that Defendant would furnish the wire rope and sheaves for the ramp lifting mechanism. Defendant planned to use 1 ½" wire rope and sheaves to match.

6. Pursuant to the agreement with Defendant, Alaska Ship proceeded to build and install the ramp and its lifting mechanism and asked a professional engineering firm, the Alton Bay Design Group ("Alton Bay"), to review the proposed installation.

COMPLAINT FOR DECLARATORY JUDGMENT – 2
Case No.:



7. On or about April 12, 2011, as the ramp installation was nearing completion Alton Bay notified Defendant by telephone that the 1 ½ " wire which Defendant had proposed to use was insufficient for the anticipated loads and that a higher safety factor was necessary. The next day, April 13, 2011, Alton Bay issued its drawing showing a minimum wire rope size of 2 ¼" and sent the drawing and subsequent revisions to Defendant. Defendant negligently directed Alaska Ship to install the 1 ½" wire in spite of the advice and specification from Alton Bay. The 1 ½" wire was inadequate and presented a high risk of failure in normal operating conditions.

8. On or about May 9, 2011, Defendant was operating the ALDER in the vicinity of Tolstoi Bay, Alaska, under tow of Defendant's Tug HARRIET in calm weather at a moderate speed when the 1 ½" wire rope falls broke due to a strain beyond the strength of the wire, causing the ALDER's ramp to break free and other damage.

9. On May 26, 2011, Defendant notified Plaintiffs of the casualty.

10. On June 23, 2011, after a preliminary investigation, Plaintiffs issued a reservation of rights to Defendant and continued their investigation.

11. Plaintiffs completed their investigation which has revealed the facts as set forth above.

12. The policy provides coverage for the following perils:

> **PERILS**
> Touching the Adventures and Perils which the Underwriters are contented to bear and take upon themselves, they are of the Seas, Men-of War Fire, Lightning, Earthquake, Enemies, Pirates, Rovers, Assailing Thieves, Jettisons, Letter of Mart and Counter-Mart,

**COMPLAINT FOR DECLARATORY JUDGMENT – 3**
Case No.:



Suprisals, Takings at Sea, Arrests, Restraints and Detainments of all Kings, Prices and Peoples, of what nation, condition or quality soever, Barratry of the Master and Mariners and of all other like Perils, Losses and Misfortunes that have or shall come to the Hurt, Detriment or Damage of the Vessel, or any part thereof, expecting, however, such of the foregoing perils as may be excluded by provisions elsewhere in the Policy or by endorsement thereon.

**ADDITIONAL PERILS (INCHMAREE)**
Subject to the conditions of this Policy, this Insurance also covers loss of or damage to the Vessel directly caused by either:
(a) breakdown of motor generators or other electrical machinery and electrical connections thereto, bursting of boilers, breakage of shafts, or any latent defect in the machinery or hull.
or
(b) other causes of whatsoever nature arising either on shore or otherwise provided the loss or damage arising from those causes set forth in either (a) or (b) has not resulted from want of due diligence by the Assured, the Owners or Managers of the Vessel, or any of them. And as amended per Forms, Warranties and Special Conditions.

13. The events of the casualty do not constitute a covered loss within the meaning of the PERILS clause.

14. The cause of the casualty was a breach of the Defendant's implied warranty of seaworthiness and breach of the terms of the ADDITIONAL PERILS clause by Defendant's lack of due diligence in disregarding the written design criterion and the warning by Alton Bay engineers. Accordingly there is no coverage for the casualty under the terms of the policy.

15. Despite the lack of coverage Defendant has made demand on Plaintiffs for the cost of anticipated repairs and for sue and labor in the total amount of $301,972 and there remains a dispute between the parties and a justiciable controversy.

COMPLAINT FOR DECLARATORY JUDGMENT – 4
Case No.:



WHEREFORE, Plaintiffs demand judgment as follows:

1. Declaring that Plaintiffs' Hull and Machinery Policy FIS-10-052 affords no coverage for the casualty of May 9, 2011;

2. That Plaintiffs recover their costs; and

3. For such other relief as the Court may deem just.

DATED this 28th day of September, 2011.

MIKKELBORG, BROZ, WELLS & FRYER, PLLC

s/Jess G. Webster
Jess G. Webster, ABA No. 8410088
Douglas M. Fryer
Lafcadio H. Darling
Of Attorney for Plaintiffs

